A. W. GRIEF, ET AL., v. McCRACKEN COUNTY, ET AL.

**Fraud in Conveyance of Real Estate.**

When a conveyance of real estate is attacked as fraudulent, or for want of consideration, as between the grantee and creditor of grantor, the burden of proof is on the grantee to show a good and valid consideration.

**Recitals in Deed.**

Recitals in a deed are not evidence for or against those who are not parties to it.

APPEAL FROM McCRACKEN COURT OF COMMON PLEAS.

March 30, 1880.

OPINION BY JUDGE HINES:

After a careful examination of the record in this case we are of the opinion that the court below did not err in rendering the judgment complained of. When a conveyance is attacked as fraudulent and for want of consideration, as between the grantee and the attacking creditor of the grantor, the burden of proof is on the grantee to show a good and valid consideration. The recitals in the deed are not evidence against or for those who are not parties to it. The popularity and correctness of this rule is not rendered less obvious when the conveyance, as in this instance, is a family matter, from father to sons. Under all the circumstances surrounding this case it was incumbent on the appellants to produce satisfactory evidence of payment for the property purchased.

It must be conclusively presumed to have been within their power to do so, but they have failed. They state in a general way that they owe nothing; that they have paid for one lot; that they have supported the father and two children as they agreed to do in payment for the other lot; and that they have paid to F. Grief his portion of the profits from the shop. But, as against these general statements, remains the fact that at the time of the purchase of this property by appellants they had nothing, that they now own it free from all outside claims, and that the payments have been made, according to their theory, out of the proceeds of their labor and income from the shop, in the proceeds from which F. Grief was entitled to one-third. They have expended some $3,500 in building on the lots, supported their own families, have a large stock in trade, owe comparatively little, and yet F. Grief has nothing to show for his third

of the profits which he should now have if the appellants have supported him and the two children as they agreed to do.

Without reference to the question of fraudulent intention on the part of appellants, and giving them credit for honest and fair dealing, it was nevertheless incumbent on them to satisfactorily show that they had discharged their obligation to support F. Grief and the children, and had paid the purchase price for the other lot, and had paid over to F. Grief his proportion of the profits of the business. This they do not do. They kept no books, took no receipts for moneys paid, and produce no outside evidence of payment. The evidence is such that we could not feel disposed to disturb the judgment if it were for a much larger sum.

The county of McCracken had authority to sue. In a suit to determine the right of the county to recover, the treasurer is not even a necessary party, and if he were a proper party no objection was made, as required in the code, to the failure to make a party.

We see nothing in the other assignments of error that need be discussed. They present no available error.

Judgment *affirmed.*

P. D. Geiser, for appellants.  Bigger & Reid, for appellees.